Opinion issued May 29, 2008













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00337-CR




DERRICK CARDELL MCLEOD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1083642




MEMORANDUM OPINION

          Appellant, Derrick Cardell McLeod, was charged by indictment with the
offense of delivery of a controlled substance (cocaine) weighing more than 4 grams
and less than 200 grams.


 The indictment included two enhancement paragraphs
alleging felony convictions for burglary of a habitation and robbery. Appellant
pleaded not guilty to the primary offense, but pleaded “true” to the enhancements. 
A jury found appellant guilty as charged, found the enhancements true, and assessed
punishment at confinement for 50 years. The trial court entered an affirmative
finding of a deadly weapon.
          In two issues, appellant contends that the evidence was factually insufficient
to support the jury’s findings (1) that he delivered more than four grams of cocaine
and (2) that he used or exhibited a deadly weapon. 
          We affirm.
Background
          On the evening of September 6, 2006, Officer Paul Weido of the narcotics
division of the Houston Police Department was working undercover at a retail strip
center, conducting “buy/bust operations.”


 While Officer Weido was sitting in his
car, appellant approached and made conversation. Officer Weido asked appellant for
$20.00 worth of crack cocaine. Appellant said that he did not have crack cocaine, but
offered a bag of powder cocaine for $40.00. Officer Weido purchased the bag with
pre-recorded money. While driving away, Officer Weido gave a signal to nearby
surveillance officers that a purchase had been completed, and the surveillance officers
began moving in marked cars. 
          Officer Alex Moreira of the Houston Police Department was also working 
surveillance during the incident; however, his role was to sit in an unmarked car a few
parking spaces away from Officer Weido and to provide back-up assistance if needed. 
From his vantage point, Officer Moreira saw appellant talking with Officer Weido,
saw Officer Weido drive away and give the “bust signal,” and saw the surveillance
officers in marked cars approaching. Officer Moreira testified that appellant passed
directly behind Officer Moreira’s car and that appellant saw the marked cars
approaching. Officer Moreira testified that, while appellant was approximately four
feet away, appellant pulled a revolver from his waistband and tossed it under a nearby
car. Appellant then walked around the corner of the building, and Officer Moreira
retrieved the revolver.
          Around the corner of the building, Officer Steven Burk and Officer R. Massey
apprehended appellant. Officer Burk testified that he recovered the pre-recorded buy
money and a bag of marihuana from appellant’s pocket. Officer Burk testified that
he did not find any weapons on appellant, and Officer Weido testified that appellant
did not display a firearm during their transaction.
 
          Officer Weido testified that he field-tested the powder substance that he
purchased from appellant and that it tested positive for cocaine content. Officer
Weido also testified that four grams of cocaine is more than one would possess for
personal use. 
          At trial, Ahtavea Barker of the Houston Police Department Crime Laboratory
testified that the contents of the bag purchased from appellant tested positive for
cocaine and weighed 4.07 grams, by aggregate weight, including any adulterants and
dilutants. Factual SufficiencyIn conducting a factual-sufficiency review, we view all of the evidence in a
neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong or manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim.
App. 2006) (citing Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000)). Under
the first prong of Johnson, we cannot conclude that “a conviction is ‘clearly wrong’
or ‘manifestly unjust’ simply because, on the quantum of evidence admitted, [we]
would have voted to acquit had [we] been on the jury.” Watson v. State, 204 S.W.3d
404, 417 (Tex. Crim. App. 2006). We must accord “due deference” to the fact finder,
who is in the best position to evaluate the credibility and demeanor of witnesses. 
Marshall, 210 S.W.3d at 625. Under the second prong of Johnson, we cannot
“declare that a conflict in the evidence justifies a new trial simply because [we]
disagree[] with the jury’s resolution of that conflict.” Watson, 204 S.W.3d at 417. 
Before ruling that evidence is factually insufficient to support a verdict under the
second prong, we must be able to say, with some objective basis in the record, that
the great weight and preponderance of the evidence contradicts the jury’s verdict. Id.
          In conducting our review, we must address the evidence that appellant claims
most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003). 
A.      Evidence of Delivery of More than Four Grams of Cocaine
          In his first issue, appellant contends that the evidence is factually insufficient
to support the jury’s finding that he delivered more than four grams of cocaine. 
Specifically, appellant contends that the evidence is insufficient to support the
quantity of cocaine alleged. 
          Cocaine is listed as a “Penalty Group 1” controlled substance. See Tex.
Health & Safety Code Ann. § 481.102(3)(D). Texas Health and Safety Code
section 481.112(a) provides that a person commits the offense of delivery of a
controlled substance if the person knowingly delivers or possesses with intent to
deliver a controlled substance listed in Penalty Group 1. Tex. Health & Safety
Code Ann. § 481.112(a) (Vernon 2003). An offense under section 481.112(a) is a
first degree felony “if the amount of the controlled substance to which the offense
applies is, by aggregate weight, including adulterants or dilutants, four grams or more
but less than 200 grams.” Id. § 481.112(d).
          Here, the State presented evidence that appellant delivered a quantity of over
four grams of a controlled substance, namely, cocaine. The State’s chemist, Barker,
testified that she first visually inspected the bag of substance that appellant sold to
Officer Weido. Barker testified that this first step is to determine that the substance
is homogenous. Next, Barker performed a presumptive Chemical Spot test on a small
sample, from which she determined that the sample contained cocaine. Barker then
performed a confirmatory Gas Chromatograph Mass Spectrometer test (“GCMS
test”), which separates the sample into components. Barker testified that she did not
test for purity, but that she “didn’t observe any other component other than cocaine”
in the GCMS test result. Barker testified that she tested approximately six to seven
milligrams of the substance, that testing entire quantities is neither practical nor
necessary, and that testing a representative sample is the generally accepted practice
in the scientific community. Barker testified that, from her observations, she
determined that the substance in the bag was cocaine and that its total weight was
4.07 grams, including any adulterants or dilutants. From this evidence, the jury could
have reasonably inferred that the bag appellant delivered contained more than four
grams of cocaine. See Melton v. State, 120 S.W.3d 339, 343–44 (Tex. Crim. App.
2003). 
          In support of his challenge, appellant contends that Barker failed to identify the
precise adulterants or dilutants present in the substance she tested. A controlled
substance “includes the aggregate weight of any mixture, solution, or other substance
containing a controlled substance.” Tex. Health & Safety Code Ann. § 481.002(5)
(Vernon Supp. 2007). An adulterant or dilutant is “any material that increases the
bulk or quantity of a controlled substance, regardless of its effect on the chemical
activity of the controlled substance.” Id. § 481.002(49) (emphasis added). Hence,
because the statute includes “any material,” the precise identification of the adulterant
or dilutant used not necessary. Furthermore, the State is not required to determine the
amount of controlled substance versus the amount of any adulterant or dilutant. See
Melton, 120 S.W.3d at 344. The State is only required to prove that the aggregate
weight of the controlled substance mixture, including adulterant and dilutants, equals
the alleged minimum weight. Id. 
          Appellant contends that allowing unknown adulterants and dilutants to be
included in determining aggregate weight “leads to an absurd result that the
legislature did not intend” and therefore this court should decline to apply the statute
as written. The Court of Criminal Appeals has already considered the question
appellant presents, however, and it has explained that the legislature purposefully
“did away with the requirement for this sort of hyper-technical analysis when it
amended the definition of ‘adulterant or dilutant.’” Id. When, as here, the statute is
clear and unambiguous, “the legislature must be understood to mean what it has
expressed, and it is not for the courts to add or subtract from such a statute.” Seals v.
State, 187 S.W.3d 417, 420 (Tex. Crim. App. 2005). In addition, appellant has not
demonstrated that giving effect to the statute leads to an absurd result in this case.


 
          We hold that the evidence is factually sufficient to support appellant’s
conviction. Accordingly, we overrule appellant’s first issue.
B.      Deadly Weapon
          In his second issue, appellant contends that the evidence is factually
insufficient to support the jury’s finding that he used or exhibited a deadly weapon. 
          In a jury trial, it is the mandatory duty of the trial court to enter a separate and
specific deadly weapon finding in the judgment if the jury makes an affirmative
finding that the defendant used or exhibited a deadly weapon, as defined in section
1.07 of the Penal Code, in the course of committing the offense charged or in
immediate flight from the commission of the offense. Tex. Code Crim. Proc. art.
42.12, § 3g(a)(2) (Vernon Supp. 2007); Polk v. State, 693 S.W.2d 391, 393 & n.1
(Tex. Crim. App. 1985); see Tex. Pen. Code Ann. § 1.07(17) (Vernon Supp. 2007)
(defining “deadly weapon” as, inter alia, “a firearm”). “Used” a deadly weapon
during the commission of a felony offense “means that the deadly weapon was
employed or utilized in order to achieve its purpose.” Patterson v. State, 769 S.W.2d
938, 941 (Tex. Crim. App. 1989). A deadly weapon may be “used” even if it is merely
possessed, if that possession facilitates the associated felony offense. Id. “Exhibited”
a deadly weapon means that the weapon was “consciously displayed” during the
commission of the offense. Id.
          Here, the jury heard testimony by Officer Moreira that, as appellant was
walking away from having sold cocaine to Officer Weido, Officer Moreira could see
marked patrol cars approaching. Officer Moreira testified that appellant would have
clearly seen them as well and that appellant appeared to respond to the approach of
the patrol cars by speeding up his walking to surreptitiously get away. Officer
Moreira testified that, as appellant passed within four feet of Officer Moreira’s car, 
appellant pulled a revolver from his waistband and threw it under a nearby car. 
Appellant then disappeared around the corner of the building. Officer Moreira
immediately picked up the revolver and determined that the revolver was loaded. 
This evidence supports the jury’s finding that appellant used or exhibited a deadly
weapon, namely, a firearm “during the commission of the offense for which
[appellant] has been convicted or during the immediate flight therefrom.” See Tex.
Code Crim. Proc. art. 42.12, § 3g(a)(2).
          Appellant contends that, because Officer Weido testified that appellant did not
use or exhibit a weapon during the sale of the cocaine, the evidence demonstrates that
he did not use or exhibit a deadly weapon during the commission of the offense and,
therefore, the evidence is insufficient to support the deadly weapon finding. We
disagree.
          In Coleman v. State, two officers were conducting narcotics surveillance of a
suspect area when they saw the appellant drive up in a truck and park. 145 S.W.3d
649, 650 (Tex. Crim. App. 2004). After the officers witnessed individuals coming and
going from the appellant’s truck in a particular manner, the officers concluded that
the appellant was involved in drug activity. Id. The officers contacted uniformed
officers, who arrived and arrested appellant. Id. The officers searched appellant’s
truck, but found no narcotics. Id. With appellant’s consent, the officers drove
appellant to his house, where the officers opened the house door with appellant’s key.
Id. Appellant remained in the patrol car while the officers searched his house. Id. 
The officers found PCP and powdered cocaine all over the house and, from a front
bedroom, the officers recovered a 9-millimeter pistol and a .22 rifle. Id. at 650–51.
          The jury in Coleman found that the appellant used a deadly weapon, namely,
a firearm, during the commission of the offenses at issue. Id. at 651. On appeal, the
appellant argued that the evidence was insufficient to support an affirmative finding
on the deadly-weapon issue because he could not have used or exhibited the deadly
weapons that were later found at his house, during the commission of the offenses. 
Id. at 651–52.
          The court of criminal appeals disagreed. The court explained that the word
“exhibit” requires that a deadly weapon be consciously shown, displayed, or
presented. Id. at 652. However, the word “use” requires only that a deadly weapon
be “utilized, employed, or applied in order to achieve its intended result ‘the
commission of a felony offense or during immediate flight therefrom,’” and that “use”
includes “any employment of a deadly weapon, even simple possession, if such
possession facilitates the associated felony.” Id. In addition, the court explained that
“‘during the commission of the offense’ in a drug possession case means just that:
while in possession of drugs with intent to deliver them, the defendant is committing
the offense.” Id. at 655. The court concluded that, although the defendant was not
present during the search of his house, the evidence was sufficient to warrant a
rational trier of fact to conclude that appellant used the weapons to protect the
narcotics and the proceeds therefrom. Id. 
          We conclude that, here, like Coleman, the jury could have rationally concluded
that appellant used the firearm to protect the narcotics and the proceeds therefrom. 
It is irrelevant that he did not actually exhibit the firearm to Officer Weido during the
transaction. We hold that the evidence is factually sufficient to support the affirmative
finding of a deadly weapon in the judgment.
          Accordingly, appellant’s second issue is overruled.
Conclusion
          We affirm the judgment of the trial court. 





                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Higley.
Do not publish. Tex. R. App. P. 47.2(b).